# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH OROSCO,**

      Petitioner,

                 **Case No. 07-C-1054**

  -vs-

**MICHAEL THURMER,**
**Respondent,**

      Respondent.

## DECISION AND ORDER

  Previously, the Court conducted a Rule 4 review of Joseph Orosco's ("Orosco") petition for a writ of habeas corpus, 28 U.S.C. § 2254. The Court directed the parties to address the timeliness of Orosco's petition, and the respondent filed a motion to dismiss Orosco's petition as untimely. Orosco now moves the Court for an extension of time to file his reply, explaining that he needs more time to exhaust some of his claims in state court. Orosco previously filed a similar motion, requesting a stay of proceedings while he attempts to exhaust his state remedies.

  As Orosco explicitly states, his petition is a "mixed petition." Generally speaking, the Court cannot adjudicate a mixed petition. *See Rose v. Lundy*, 455 U.S. 509 (1982). However, the Supreme Court recently held that it would be an abuse of discretion to deny a stay and to dismiss a mixed petition if the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that

the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Orosco did not establish good cause for his failure to exhaust. Further, the apparent untimeliness of Orosco's petition suggests that it is without merit and that Orosco engaged in dilatory litigation tactics. Therefore, a stay is inappropriate.

Because this is a mixed petition, the Court cannot address the motion to dismiss at this juncture. It is up to Orosco to decide between the following two options. **First**, Orosco can continue to proceed in this Court on the basis of his exhausted claims, thereby abandoning his unexhausted claims. *See Rhines*, 544 U.S. at 278 ("if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims . . ."). If Orosco chooses this option, the Court will dismiss the unexhausted claims and proceed to the merits of the exhausted claims. This includes consideration of the respondent's motion to dismiss Orosco's petition as untimely. If Orosco chooses this option, he should also reply to the arguments presented in the respondent's pending motion to dismiss.

**Second**, Orosco can voluntarily dismiss his entire petition. This would allow Orosco to return to state court and exhaust his unexhausted claims.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. On or before **February 22, 2008**, Orosco must inform the Court whether he wishes to proceed on the basis of his exhausted claims or voluntarily dismiss his entire petition, as discussed in the foregoing opinion;

2. If he chooses to proceed on the basis of the exhausted claims, Orosco should file a reply addressing the arguments presented by the respondent's pending motion to dismiss. Orosco's reply, if necessary, should also be filed by **February 22, 2008**;

3. Orosco's motion for a stay [Docket No. 2] is **DENIED**;

4. Orosco's motion for a 45-day extension of time [Docket No. 9] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2008.

                          **SO ORDERED,**

                          **s/ Rudolph T. Randa**
                          **HON. RUDOLPH T. RANDA**
                          **Chief Judge**